IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Athena Bitcoin, Inc.**, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 1:24-cv-5985 |
| | ) | |
| **Genesis Coin, Inc.**, **Bitcoin ATM, LLC**, | ) | |
| **ATM OPS, Inc.**, **Kiosk Distributors, Inc.**, | ) | Judge: Hon. LaShonda A. Hunt |
| **Andrew C. Barnard**, **Douglas O. Carrillo**, | ) | |
| and **Neil Hernandez**, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF ATHENA BITCOIN, INC.'S
MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65(a)**

Plaintiff Athena Bitcoin, Inc. ("Athena" or "Plaintiff"), hereby moves this court for an Order enjoining Defendant Genesis Coin, Inc. ("Defendant" or "Genesis") from its continued interference with its access to the Entropy ATM management software (the "Entropy Software") and its transaction, customer, and compliance data ("Data"), pursuant to Federal Rule of Civil Procedure 65(a). In support of this Motion, Plaintiff submits its Memorandum In Support Of Its Motion For Preliminary Injunction Pursuant To Fed. R. Civ. P. 65(a) ("Mem. In Supp.") and states as follows:

1. Athena is a cryptocurrency services company which operates a network of Bitcoin ATMs ("ATM") allowing users to buy and sell Bitcoin with and for cash. As of the filing of this lawsuit, Athena operates more than 3,000 ATMs across 5 countries. (Dkt. 1, ¶¶ 25, 28).

2. Defendant is one of Athena's vendors providing, *inter alia*, the ATM management software used by Athena to operate its network of ATMs. The Entropy software controls the client facing and back-office functions of Athena's ATMs, it allows Athena to monitor its network of

ATMs, and collect Data, which is required as a Money Services Business and vendor to a foreign government. (Dkt. 1, ¶¶ 35-36, 41-43).

3. When Athena began to deploy its own home-grown ATM Management software, Exodus, Defendant lashed out and: a) orchestrated a series of transactions whereby it stole ₿9.5 Bitcoin (Bitcoin as an asset/currency, "₿") from Athena (Dkt. 1, ¶ 78-79, 84-152); b) blocked Athena's access to the Entropy Software's back-office (Dkt. 1, ¶ 171); and c) took control of Athena's Data – data from its customers, from each of its transactions, and data necessary to comply with various state, federal and foreign regulators. (Dkt. 1, ¶¶ 178, 182).

4. As a result, and after many failed negotiations, on July 16, 2024, Athena filed the Complaint ("Complaint") alleging twenty-seven (27) causes of action against Genesis; its corporate officers and directors Andrew C. Barnard, Douglas O. Carrillo, and Neil Hernandez; and several related companies owned and operated by the same C-Suite: Bitcoin ATM, LLC, ATM OPS, Inc., and Kiosk Distributors, Inc. (all together, "Defendants"), for:

    a. Violations of the Computer Fraud and Abuse Act by Genesis, Barnard, Carrillo, and Hernandez for their twenty-three (23) separate intrusions into Athena's protected computer systems resulting in the theft of ₿9.5 (COUNTS I – XXIII) (Dkt. 1, ¶¶ 203-409);

    b. Violation of the Computer Fraud and Abuse Act by Genesis, Barnard, Carrillo, and Hernandez for their intentional interference with Athena's access to the Entropy Software, the associated Bitcoin wallet, and the theft/interference with

        its transaction, customer, and compliance data (COUNT XXIV) (Dkt. 1, ¶¶ 410-417);

    c. Tortious Interference with Numerous of Athena's Contracts for the sale of Bitcoin to its clients (COUNT XXV) (against all Defendants) (Dkt. 1, ¶¶ 418-427);

    d. Civil Conspiracy to steal Athena's Bitcoin and force Athena to surrender its ATMs and a substantial portion of its business to Genesis, Bitcoin ATM, LLC, ATM OPS, Inc., and Kiosk Distributors, Inc. (COUNT XXVI) (against all Defendants) (Dkt. 1, ¶¶ 428-433); and

    e. Breach of Contract by Genesis for unlawfully terminating Athena's access to the Entropy Software, its theft/interference with Athena's Data, and its raising the License Fee from one percent (1%) of the value of all transactions processed by Athena to one and one quarter percent (1.25%) of the value of all transactions processed by Athena (COUNT XXVII) (Dkt. 1, ¶¶ 434-442).

    5. Here, Genesis, its officers and directors, and numerous related entities have engaged in a scheme to steal Athena's Bitcoin, interfere with its business, and interfere with its access to critical business software and Data unless it pays Defendant a substantial sum of money for machinery. (Dkt. 1, *passim*). Defendants' joint and individual conduct warrants immediate injunctive relief.

    6. Specifically, Defendants Genesis, Barnard, Carrillo, and Hernandez orchestrated and executed a scheme whereby they would (i) access the Entropy Software – Athena's protected computer system; (ii) steal Athena's Bitcoin; and (iii) intentionally interfere with Athena's access

to the Entropy Software account, Athena's Bitcoin wallet, and Athena's transaction, customer, and compliance data.

7. Since Defendants' campaign began on June 4, 2024, Athena has worked diligently to find a solution, but Defendants are unwilling to cease their bad acts. Defendant's intentional interference with Athena's access to its Entropy Software account, Athena's Bitcoin wallet, and Athena's Data is ongoing and continuing to damage Athena.

8. Accordingly, Athena has no choice but to file this Motion and seek immediate injunctive relief to stop Genesis, Barnard, Carrillo, and Hernandez from their intentional and ongoing unlawful conduct.

9. To succeed on a motion for preliminary injunction, the moving party must show a "(1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) that an irreparable harm will result if the injunction is not granted." loanDepot.com, LLC v. Schneider, 647 F. Supp. 3d 620, 627 (N.D. Ill. 2022) (citing Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007)). If successful, the Court then "balances the nature and degree of the potential harm to each party and the public interest." Id. (citing Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008)).

10. Here, a preliminary injunction is plainly warranted. Athena has met each of the three factors required for preliminary injunctive relief and the balance of harms weighs strongly in its favor.

11. First, the Complaint demonstrates a strong likelihood that Athena will succeed on the merits of its claims. Specifically, Athena will prevail on its claims for a violation of the Computer Fraud and Abuse Act against Genesis, Barnard, Carrillo, and Hernandez for their intentional interference with Athena's access to the Entropy Software, the associated Bitcoin

wallet, and the theft/interference with its transaction, customer, and compliance data (COUNT XXIV) (Dkt. 1, ¶¶ 410-417); and its claim for Breach of Contract by Genesis for its unlawfully terminated Athena's access to the Entropy Software and its theft/interference with Athena's Data. (COUNT XXVII) (Dkt. 1, ¶¶ 434-442). Upon discovering Athena was leaving its software in favor of another solution, Defendants violated federal law when it unlawfully accessed Athena's protected computers, interfered with its access to the same, and, to compound their wrongdoing, attempted to extort a large cash payment from Athena to end their bad acts.

12. Second, Athena will suffer irreparable harm in the absence of injunctive relief because Genesis will continue to interfere with its access to the Entropy Software – a critical business software – and its Data. As set forth in the Complaint, and more fully explained in the contemporaneous Mem. In Supp., the nature of Athena's injuries will result in regulatory damage resulting in the devaluation of Athena's business both domestically and abroad; a damage to its reputation as a cryptocurrency services company and a loss of customer goodwill; the loss of and/or disruption to customer relationships and ongoing business; and other losses and harms which will irreparably damage Athena.

13. Third, money alone will not make Athena whole if Genesis is allowed to continue interfering with its access to the Entropy Software and its Data. Because the damage caused by Defendants' misconduct is ongoing, it is impossible to anticipate the full extent of the damages, monetary or otherwise, Athena will suffer as a result. Only injunctive relief will suffice.

14. Lastly, the balance of hardships strongly weighs in favor of issuing a preliminary injunction because the harm being visited upon Athena <u>greatly outweighs</u> any potential harm to Defendants, whose misdeeds are well-documented and highly alarming. Defendants should be immediately ordered to stop violating federal law be made to restore Athena's access to its Entropy

Software account, its Bitcoin wallet, and its Data. Moreover, the public policy considerations weigh in favor of the injunctive relief sought because, *inter alia*, the Court should act to protect the integrity of the marketplace and its consumers.

Accordingly, for the reasons above and more fully stated in Plaintiff's Memorandum In Support Of Its Motion For Preliminary Injunction Pursuant To Fed. R. Civ. P. 65(a), the Court should grant Plaintiff's Motion For Preliminary Injunction Pursuant To Fed. R. Civ. P. 65(a) and enter an order:

a. Temporarily and preliminarily enjoining and restraining Genesis Coin, Inc., its directors Andrew C. Barnard, Douglas O. Carrillo, and Neil Hernandez; and several related companies owned and operated by the same C-Suite: Bitcoin ATM, LLC, ATM OPS, Inc., and Kiosk Distributors, Inc. from interfering with Athena's access to the Entropy Software account and Athena's transaction, customer, and compliance data; and

b. Requiring, at Defendants' expense, a forensic inspection of Genesis Coin, Inc.'s computer systems and the Entropy Software to verify the accuracy and completeness of the transaction, customer, and compliance data which has been kept from Athena; and

c. Requiring Defendants to preserve all documents, electronically stored information, and other information relevant to the factual allegations and claims contained within the Complaint, including any communications, text messages, or emails on personal electronic devices, such as cellular telephones, or stored in email or other cloud storage accounts, by and between Defendants Genesis Coin, Inc., Bitcoin ATM, LLC, ATM OPS, Inc., Kiosk Distributors, Inc.,

Andrew C. Barnard, Douglas O. Carrillo, and Neil Hernandez which concern the factual allegations and claims contained within the Complaint.

Dated: August 5, 2024        Respectfully Submitted:

By: ___*/s/Adam Florek*___

Adam Florek
**Florek Law, LLC**
11 Knollwood Dr.
North Caldwell, New Jersey 07006
Tel: (929) 229-2268
E-mail: aflorek@florekllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I filed the foregoing document with the clerk of the Court using the CM/ECF, which should further distribute a true and accurate copy of the foregoing to all counsel of record. Moreover, I hereby certify that Copies of this Motion will be duly served on the Defendants at the below addresses pursuant to Rule 5(b)(2)(c).

| Genesis Coin, Inc. | Bitcoin ATM, LLC | ATM OPS, Inc |
|---|---|---|
| Reg. Agent:<br>Harvard Business Services, Inc.<br>16192 Coastal Hwy<br>Lewes, DE 19958 | Reg. Agent:<br>Daniels, T'Keyah<br>18369 Limestone Creek Rd.<br>Jupiter, FL 33458 | Reg. Agent:<br>Andrew C. Barnard<br>1541 Sunset Drive<br>202<br>Coral Gables, FL 33143 |
| **Kiosk Distributors, Inc** | | |
| Reg. Agent:<br>Andrew C. Barnard<br>1541 Sunset Drive<br>Suite 202<br>Coral Gables, Florida 33143 | | |
| **Andrew C. Barnard** | **Douglas O. Carrillo** | **Neil Hernandez** |
| Residence:<br>9001 SW 196th Dr.<br>Cutler Bay, FL 33157 | Residence:<br>7330 SW 148th St.<br>Palmetto Bay, FL 33158-2126 | Residence:<br>18 Pine Circle Way,<br>Ocala, FL 34472-8034 |

By: ___*/s/Adam Florek*___